UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EMILY REYES DE TAVAREZ,
                Plaintiff,

-v-

ROBERT HUGGLER,
                Defendant.

18-CV-11018 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

In 2015, Emily Reyes de Tavarez inadvertently brought two cell phones into a correctional facility, resulting in her arrest and prosecution for introducing contraband into a prison in violation of state law. The charges were eventually dismissed. Tavarez commenced this lawsuit against Robert Huggler, the corrections officer who initially searched her and discovered the cell phones. She brings claims under 42 U.S.C. § 1983 for false arrest, malicious prosecution, and violation of equal protection. Huggler has moved to dismiss. For the reasons that follow, the motion is granted.

**I.    Background**

The following facts are taken from the operative complaint (Dkt. No. 23 ("Compl.")) and are assumed true for purposes of this motion to dismiss.

On November 26, 2015, Plaintiff Emily Reyes de Tavarez visited Woodbourne Correctional Facility to see her husband. (Compl. ¶¶ 8–9.) The past practice of the facility was to permit visitors to stow unauthorized items — like cell phones — in lockers located in the lobby. (Compl. ¶ 12.) By the time of Tavarez's visit, however, the facility had changed its practice, requiring visitors to stow cell phones in lockers located outside the facility. (Compl.

1

¶ 13.) Tavarez, unaware of the policy change, entered the facility with two "inoperable" cell phones in her handbag. (Compl. ¶¶ 14, 18.)

Tavarez was searched by Defendant Robert Huggler, a corrections officer at the facility, who found the cell phones in Tavarez's handbag. (Compl. ¶¶ 7, 15, 18.) Prior to the search, Tavarez did not disclose that she was carrying two cell phones. (Compl. ¶ 21.) Although Tavarez claimed she "had no idea the cell phones were in her handbag," Huggler detained Tavarez for several hours. (Compl. ¶¶ 21, 34.) Tavarez was then handcuffed and taken to a police facility in Liberty, New York, where she was detained for several more hours. (Compl. ¶¶ 34, 38.) Tavarez was charged with introducing contraband into a prison in the second degree. (Compl. ¶ 22.) Tavarez was then released from custody. (Compl. ¶ 40.) The charges against Tavarez were eventually dismissed for lack of evidence. (Compl. ¶ 42.)

Relevantly to her equal protection claim, Tavarez alleges that "other individuals who were not members of a racial minority who also possessed cell phones, and other like items, were treated differently than [Tavarez] and were not arrested under similar circumstances." (Compl. ¶ 30.) Tavarez alleges that on one occasion, an individual "who appeared to be white" entered the facility lobby with "an iPad, a cell phone, and headphones" and was permitted to exit the facility to stow the items without being arrested. (Compl. ¶ 31.) On another occasion, a white woman was permitted to leave the facility to stow her Apple Watch without being arrested. (Compl. ¶ 32.) Finally, Tavarez alleges that on a third occasion a white male attorney entered the facility with a cell phone and was permitted to leave to stow the device without being arrested. (Compl. ¶ 33.)

Tavarez has commenced suit against Huggler, bringing claims under 42 U.S.C. § 1983 for false arrest, malicious prosecution, and violation of the Equal Protection Clause. (Compl.

¶¶ 49–60.) Tavarez seeks compensatory and punitive damages, as well as costs and fees. (Compl. at 10.) Huggler has moved to dismiss.

## II. Legal Standard

To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient factual allegations "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible if the well-pleaded factual allegations of the complaint, presumed true, permit the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## III. Discussion

Tavarez brings claims under § 1983 for false arrest, malicious prosecution, and violation of the Equal Protection Clause.[1] Each claim is discussed in turn.

### A. False Arrest

A claim under § 1983 for false arrest[2] requires a showing "that the defendant intentionally confined [the plaintiff] . . . without justification." *Covington v. City of New York*, 171 F.3d 117, 122 (2d Cir. 1999) (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1994)). "The existence of probable cause to arrest constitutes justification and 'is a complete defense to an action for false arrest.'" *Weyant*, 101 F.3d at 852 (quoting *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994)). Probable cause exists "when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of

---

[1] This Court has jurisdiction under 28 U.S.C. § 1331.

[2] The complaint styles the claim as "false arrest/unlawful imprisonment." (Compl. at 8.) "In this Circuit, courts analyze false arrest and false imprisonment claims identically." *Michaels v. City of New York*, No. 10-CV-2666, 2011 WL 570125, at *5 (S.D.N.Y. Feb. 16, 2011).

3

reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Id.*

Here, probable cause existed for Huggler to believe that Tavarez was in violation of N.Y. Penal Law § 205.20(1), which prohibits any person from "knowingly . . . introduc[ing] any contraband into a detention facility." The term "contraband" means anything that an inmate of a detention facility "is prohibited from obtaining or possessing by statute, rule, regulation or order." N.Y. Penal Law § 205.00(3). The term "introduce" is somewhat ambiguous, but at least one New York state court has interpreted it to require a "showing that the non-prisoner brought the contraband into the facility for the benefit of an inmate," with "an intent to transfer the property" to the inmate. *People v. Simmons*, 49 N.Y.S. 3d 615, 620 (Cty. Ct. 2017).[3]

In this case, Huggler discovered two cell phones — which are expressly prohibited by regulation, *see* N.Y. Comp. Codes R. & Regs. tit. 7, § 200.3(c) — in Tavarez's handbag. (Compl. ¶¶ 13, 18.) Accordingly, there was probable cause to believe that Tavarez was carrying contraband.[4]

Huggler also had probable cause to infer that Tavarez was knowingly carrying the phones into the facility, despite her protestation of ignorance. As a general matter, "possession suffices

---

[3] This Court assumes, without deciding, that the *Simmons* court correctly interpreted the New York statute. *See, e.g.*, *Bobbit v. Marzan*, 2017 U.S. Dist. LEXIS 161478, at *19 (S.D.N.Y. Sept. 28, 2017) (adopting *arguendo* an "interpret[ation] [of] Penal Law § 205.20 in accordance with *People v. Simmons*").

[4] Tavarez alleges that the cell phones were "inoperable," implying that the phones therefore did not qualify as "contraband." (Compl. ¶ 18.) But the ostensible inoperability of the phones — even assuming the inoperability was apparent at all — does not vitiate probable cause, given the difficulty in reliably distinguishing between an inoperable phone and an operable-but-disabled phone. *Cf., e.g.*, *People v. Symmonds*, 310 N.E.2d 208, 215 (Ill. App. Ct. 1974) ("[E]ven an expert cannot positively identify heroin or distinguish it from other white powdery substances solely by visual inspection, but it has not been held necessary to have a professional chemist analyze suspected heroin before it may be seized.").

4

to permit the inference that the possessor knows what [s]he possesses, especially . . . if it is . . . on h[er] person." *People v. Reisman*, 277 N.E.2d 396, 348 (N.Y. 1971). This inference is particularly strong with respect to objects, like cell phones, whose "high monetary value" renders "ignorance of one's possession [of them] . . . highly unlikely." *People v. Green*, 323 N.E.2d 160, 163 (N.Y. 1974). As for Tavarez's explicit insistence that she had "no idea" the phones were in her handbag (Compl. ¶ 21), "[a]rresting officers do not have to credit or investigate an arrestee's self-serving claims," *Michaels v. City of New York*, No. 10-CV-2666, 2011 WL 570125, at *6 (S.D.N.Y. Feb. 16, 2011).

Finally, Huggler had probable cause to infer that Tavarez had the intent to pass at least one of the phones to an inmate. Tavarez was carrying two cell phones, more than required for personal use, and she stated she was visiting her husband, an inmate. Further, when Tavarez was confronted with the two cell phones, she disclaimed any knowledge that they were in her handbag. *See, e.g.*, *District of Columbia v. Wesby*, 138 S. Ct. 577, 587 (2018) (holding that "implausible responses" to questioning give rise to a "reasonabl[e] infer[ence] [of] lying" and that "lies suggest[] a guilty mind"). Although each fact, viewed in isolation, might not give rise to probable cause, a reasonable officer could have concluded from the totality of the circumstances that Tavarez possessed the intent to hand off at least one of the cell phones to her husband.[5]

---

[5] As evidence of absence of probable cause, Tavarez argues that Huggler failed to comply with a New York regulation stating that "[t]he visitor's intent shall be controlling" and instructing officers to "use their discretion in judging a visitor's intent[] when undeclared contraband is found" because "innocent oversights will occur." N.Y. Comp. Codes R. & Regs. tit. 7, § 200.3(a) note. But Tavarez cannot rely on this directive — which is "discretionary" — to vitiate probable cause. *Bobbit v. Marzan*, 2017 U.S. Dist. LEXIS 161478, at *19 (S.D.N.Y. Sept. 28, 2017) (holding that "§ 200.3 [is] discretionary and do[es] not change [the probable cause] analysis").

Tavarez disagrees, pointing to various facts that, in her view, made it unreasonable for Huggler to conclude that she intended to introduce contraband into the facility. Tavarez notes, for example, that she "never attempted to pass any further than the front entrance," that she consented "voluntarily" to the search, and that she "told Huggler she intended to stow the bag and all contents in the lockers." (Dkt. No. 28 at 8.) These facts are indeed "consistent" with an innocent explanation for Tavarez's behavior. *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006) (quoting *United States v. Fama*, 758 F.2d 834, 838 (2d Cir. 1985)). But "[t]he fact that an innocent explanation may be consistent with the facts alleged . . . does not negate probable cause." *Id.* (alterations in original) (quoting *Fama*, 758 F.2d at 838). The question for purposes of the probable cause analysis is "whether a reasonable officer could conclude — considering all of the surrounding circumstances, including the plausibility of the explanation itself — that there was a 'substantial chance of criminal activity.'" *Wesby*, 138 S. Ct. at 588 (quoting *Illinois v. Gates*, 462 U.S. 213, 244 n.13 (1983)). Here, there was.

The existence of probable cause bars an action for false arrest under § 1983. Accordingly, Tavarez's false arrest claim is dismissed.

### B. Malicious Prosecution

In order to prevail on a malicious prosecution claim under § 1983, "a plaintiff must show a violation of his rights under the Fourth Amendment and must establish the elements of a malicious prosecution claim under state law." *Manganiello v. City of New York*, 612 F.3d 149, 161 (2d Cir. 2010) (citations omitted). "[T]he existence of probable cause is a complete defense to a claim of malicious prosecution in New York." *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003).

Here, the existence of probable cause — which doomed Tavarez's false arrest claim — also dooms Tavarez's claim of malicious prosecution. Ordinarily, the probable cause sufficient

6

for an arrest also suffices for the initiation of a prosecution. *See Lowth v. Town of Cheektowaga*, 82 F.3d 563, 571 (2d Cir. 1996). "In order for probable cause to dissipate, the groundless nature of the charges must be made apparent by the discovery of some intervening fact." *Id.* Tavarez, however, identifies no "intervening fact" between her arrest and prosecution that would have eliminated the existence of probable cause. Thus, Tavarez cannot establish a claim of malicious prosecution under New York law. This claim is also dismissed.

### C. Violation of Equal Protection

A plaintiff "cannot establish an equal protection violation unless [she] shows that the [defendant] consciously applied a different standard of enforcement to similarly situated [individuals]." *LaTriste Rest. v. Vill. of Port Chester*, 188 F.3d 65, 70 (2d Cir. 1999). Here, however, Tavarez "has failed 'to allege or identify a single similarly situated [individual] who was treated differently by" Huggler. *Bishop v. Best Buy, Co.*, No. 08-CV-8427, 2010 WL 4159566, at *12 (S.D.N.Y. Oct. 13, 2010) (alteration in original) (quoting *Sweeney v. City of New York*, No. 03-CV-4410, 2004 WL 744198, at *5 (S.D.N.Y. Apr. 2, 2004)). The complaint identifies three individuals who, unlike Tavarez, were permitted to leave the facility to stow electronic devices without being arrested. (Compl. ¶¶ 31–33.) But the complaint fails to allege that Huggler was involved in any of those incidents. (*Id.*) Thus, the complaint lacks any factual allegations about Huggler's treatment of other individuals caught with electronic devices in the facility. Without those allegations, Tavarez's claim that Huggler treated her differently is wholly conclusory. *See id.*; *see also LaTriste*, 188 F.3d at 70. The equal protection claim must be dismissed for failure to state a claim.[6]

---

[6] At times, the complaint references 42 U.S.C. § 1981 as a separate cause of action. (*See* Compl. ¶ 46.) But because "[s]ection 1981, like the Equal Protection Clause, only prohibits intentional racial discrimination . . . , plaintiffs must meet the same pleading standard for their 1981 claims as for their 1983 claims under the Equal Protection Clause." *Brown v. City of*

7

**IV. Conclusion**

For the foregoing reasons, Defendant's motion to dismiss is GRANTED.

The Clerk of Court is directed to close the motion at Docket Number 24 and to close this case.

SO ORDERED.

Dated: March 10, 2020
New York, New York

_____
J. PAUL OETKEN
United States District Judge

---

*Oneonta*, 195 F.3d 111 (2d Cir. 1999). Thus, to the extent that the complaint alleges violations of § 1981, those claims are likewise dismissed.